IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,482-01






EX PARTE KENDRA LENISE DILWORTH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-7-8416 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of credit card abuse
and sentenced to ten years' imprisonment. She did not appeal her conviction.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance. 

Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims set out on the 11.07 form and in her
memorandum. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent her at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make findings of fact and conclusions
of law as to whether counsel's conduct was deficient and, if so, whether Applicant would have
insisted on a trial but for counsel's deficient conduct. Hill v. Lockhart, 474 U.S. 52 (1985). The trial
court shall also determine what the proper punishment range of Applicant's offense was (1) and shall
direct the District Clerk to forward the plea papers and, if available, the reporter's record of the guilty
plea hearing. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 15, 2013

Do not publish
1. According to the record before the Court, Applicant was charged with credit card abuse,
a state jail felony. Tex. Pen. Code § 32.31. The indictment alleged that she had been previously
convicted of one felony in 1994 and two state jail felonies in 2003. She pleaded true to the
punishment enhancements. On this record, her punishment range should have been 2 to 10 years. 
Tex. Pen. Code § 12.42(a)(1). But both the indictment and judgment say her offense is a second
degree felony, and in his March 1, 2011 letter to Applicant, counsel informed her that the State
was offering 25 years.